UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------x

In re:

                              Chapter 7

Gary James Condon a/k/a Gary J. Condon
a/k/a Gary Condon and Colleen Quinn-
Condon a/k/a Collen E Quinn-Condon
a/k/a Colleen Condon,

                              Case No.: 09-77168-478

                Debtors.

-------------------------------------------------------x

## MEMORANDUM DECISION AND ORDER

*Appearances:*


Harold M. Somer, Esq.
*Attorneys for Debtors*
1025 Old Country Road
Suite 404
Westbury, New York 11590


Honorable Dorothy T. Eisenberg, United States Bankruptcy Judge

Before the Court is the Debtors' unopposed motion to avoid a certain judicial lien against

their residential real property  under 11 U.S.C. § 522(f).   The Court has jurisdiction pursuant to

28 U.S.C. § 1334(a) and (b).  This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A),

(B), (K) and (O) and 11 U.S.C. § 506.  The following constitutes the Court's findings of fact and

conclusions of law as mandated by Bankruptcy Rule 7052.

FACTS

The Debtors filed for chapter 7 relief under the Bankruptcy Code on September 23, 2009

(the "Petition Date").  They received their discharge of indebtedness on December 21, 2009.

The case has been fully administered by the chapter 7 Trustee and the chapter 7 Trustee has

requested to be discharged.

The Debtors reside at 10 Meadowrue Lane in East Northport, New York (the

"Property") and jointly own the Property.  On or about the Petition Date, the Debtors' Property

had a value of $525,000.  The Debtors scheduled two mortgages in their bankruptcy petition

with a total indebtedness of $408,616.45.

There exists a judgment lien held by Capital One Bank (USA), N.A. in the amount of

$28,339.75 that was perfected with the Suffolk County Clerk on July 14, 2009 (the "Capital One

Lien") and a judgment lien held by Chase Bank USA, N.A. ("Chase Bank") against the Debtor

Gary James Condon in the amount of $39,980.18 that was perfected with the Suffolk County

Clerk on June 11, 2008 (the "Chase Lien") against the Property.  Postpetition, Capital One and

the Debtor entered into a stipulation to vacate the July 14, 2009 judgment obtained by Capital

One Bank (USA), N.A.

On July 17, 2011, the Debtors filed this motion seeking to avoid the Chase Lien against

the Property on the basis that such lien impairs Mr. Condon's homestead exemption (the

"Motion").  The Debtors claimed a $100,000  homestead exemption, the maximum allowable for

joint debtors under New York Civil Practice Law and Rules § 5206(a) that was in effect at the

time of the bankruptcy filing.  No one objected to this claimed exemption and as such this

exemption is allowed.  Debtors duly served the Motion on Chase Bank.  The Court conducted a

hearing on the Motion on July 21, 2011 (the "Hearing").  The Motion was unopposed as there

was no opposition filed nor any appearance by counsel for Chase Bank at the Hearing.

A review of the Motion and the exhibits attached thereto show that after taking into

consideration the value of the Property and the sum of the two mortgages, there is $116,383.55

of equity in the Property.  Debtors argue that because the Chase Lien is against Mr. Condon

only, the $116,383.55 of equity should be divided between the Debtors and therefore, Mr.

Condon's interest in the nonexempt equity is $58,191.78.  Under the Debtors' argument,  after

taking into consideration the $50,000 homestead exemption to which Mr. Condon is entitled,

there would only be $8,191.78 of equity left for the Chase Lien to attach to his portion of the

Property's non-exempt equity.  Debtors go further in arguing that the Chase Lien should not be

reduced to $8,191.78 of non-exempt equity but rather avoided in full because Chase failed to

oppose the Motion and therefore Chase must be deemed to have consented to avoidance of its

judgment lien in full.

## DISCUSSION

Under 11 U.S.C. § 522(f), a debtor may avoid the fixing of a judicial lien on an interest

of the debtor in property to the extent such lien impairs the debtor's homestead exemption.

Section 522(f)(A) provides that a lien shall be considered to impair an exemption to the extent

that the sum of:

> (i) the lien;
> (ii) all other liens on the property; and
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

11 U.S.C. § 522(f)(2)(A).  The purpose of section 522(f) is to protect a debtor's exemption, his

discharge and his fresh start by permitting him to avoid a judicial lien on any property to the

extent that property could have been exempt in the absence of the lien.  S. Rep. No. 95-989, at 76

(1978), *as reprinted in* 1978 U.S.C.C.A.N.  5787, 5862; H.R. Rep. No. 95-595, at 126-127

(1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6087-6088.

In this case, there is $16,383.55 of non-exempt equity to which a lien could attach after

accounting for the consensual mortgage liens and the Debtors homestead exemption.  Debtors

argue that the Chase Lien of $39,980.18 should be avoided in full despite the existence of non-

exempt equity simply because Chase did not oppose the Motion.  Assuming *arguendo* that

Chase's failure to oppose the Motion should be treated as a "default" with respect to the Motion,

such default only relates to liability.  The Court must still make a determination as to damages

pursuant to Fed. R. Civ. P. 55, as made applicable by Fed. R. Bankr. P. 7055 ("[t]he court may

conduct hearings . . . when, to enter or effectuate judgment, it needs to: (A) conduct an

accounting, (B) determine the amount of damages, . . . ").

In determining what relief the Debtors are entitled to under 11 U.S.C. § 522(f), the Court

notes that lien avoidance is not an "all or nothing matter."  *In re Barrett*, 370 B.R. 1, 3 (Bankr.

D. Me. 2007).  Rather, "[t]o the extent that a judicial lien does not impair a debtor's exemption,

it cannot be avoided."  *Id. See also, Levinson v. R & E Prop. Corp. (In re Levinson)*, 395 B.R.

554, 556 (E.D.N.Y. 2008); *FDIC v. Finn (In re Finn)*, 211 B.R. 780, 783 (BAP 1st Cir. 1997) ("it

would be inconsistent with the policy of exemptions to permit the Debtor-Appellee to avoid the

lien in full despite the existence of non-exempt equity to which the lien could attach because the

Debtor-Appellee would in effect be getting an unlimited exemption").   Accordingly, the

Debtors' argument that Chase's lack of opposition to the Motion should be deemed consent to

have its judgment lien avoided in full despite the existence of non-exempt equity is a non-issue

and must fail.

 In determining the extent to which the Chase Lien should be avoided, the Court must first

determine Mr. Condon's interest in the Property.  The determination of the value of the Debtor's

interest in the Property, however, is a function of New York law as the Property is located in this

state.  *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).   The District

Court for the Eastern District of New York has held in *Levinson*, that a debtor who owns real

property as a tenant by the entirety is deemed to own 100% of the property pursuant to New

York tenancy by the entirety law.  *Levinson*, 395 B.R. at 558-559.  "At common law, husband

and wife were deemed a single entity, and a conveyance of property to both created an

indivisible interest so that both parties were deemed seized of the whole."  *V.R.W., Inc. v. Klein,*

68 N.Y.2d 560,563 (1986).  Accordingly, Mr. Condon's interest in the Property is 100% as he

owns the Property jointly with his debtor spouse.  As a result, Mr. Condon's interest in the

$16,383.55 of non-exempt equity is also 100% for purposes of 11 U.S.C. § 522(f) and not 50%

or the $8,191.78 asserted by the Debtors.

 The Debtors' homestead exemption is not unlimited.  They are only entitled under 11

U.S.C. § 522 and N.Y. C.P.L.R. § 5602(a) to exempt a maximum of $100,000 in equity from the

reach of their creditors.  If the Court were to limit the Chase Lien to half of the non-exempt equity available, this would give the Debtors $8,191.78 more in equity than they would be entitled to under the Bankruptcy Code and New York law.  The Debtors would have a head start, and not a fresh start, at the expense of their creditors.  The Debtors have provided no basis or cause to show that they are entitled to keep the $8,191.78 in non-exempt equity the Debtors attribute to Mrs. Condon's interest in the Property to the detriment of Chase.  They have asserted no legal basis as to why Chase should be deprived of its entitlement to the entire $16,383.55 in non-exempt equity in the Property to which it is entitled to under the Chase Lien.

CONCLUSION

Based upon the foregoing, the Debtor's Motion to avoid the Chase lien is granted to the extent that only $23,596.63 of the $39,980.18 Chase Lien shall be avoided pursuant to 11 U.S.C. § 522(f); and thus, the Chase Lien shall be allowed in the reduced sum of $16,383.55.

So Ordered.

**Dated: Central Islip, New York**
     **August 30, 2011**

**Dorothy Eisenberg**
**United States Bankruptcy Judge**

5